MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:18-MC-00001-MCE-DB |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $9,980.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about August 3, 2017, law enforcement agents with the U.S. Postal Inspection Service ("USPIS") seized Approximately $9,980.00 in U.S. Currency (hereafter the "defendant currency").

2. The USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about October 13, 2017, the USPIS received a claim from Weston Britt ("Britt") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on August 3, 2017, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. The

1

package was addressed to Weston Britt, 10556 Combie Rd., #6205, Auburn, CA, 95602, with the following return address: Lauren Coleman, 107-A W James St., Danville, VA 24540.

4. The United States represents that it could further show at a forfeiture trial that on August 7, 2017, law enforcement agents traveled to address of Jim Britt, who rented the post office box #6205 above, and spoke with Jim Britt, Weston Britt's father. Law enforcement agents spoke with Jim Britt, who told agents he was not expecting a parcel but said the parcel may contain money related to the sale of a car that Weston Britt just sold. Jim Britt was asked to give Weston Britt the law enforcement agents contact information and for Britt to call law enforcement agents about the package. No call was ever received by Weston Britt.

5. The United States represents that it could further show at a forfeiture trial that on August 14, 2017, law enforcement agents obtained a search warrant to open the parcel and found bubble-wrapped stacks of cash inside two manila folders, inside an old shirt bundled inside a purse. The cash was mainly $20 bills, making up $8,780 of the defendant currency.

6. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

7. The United States represents that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained in this stipulation, potential claimant Britt specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, potential claimant Britt agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Britt hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, potential claimant Britt shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $6,980.00 of the Approximately $9,980.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,000.00 of the Approximately $9,980.00 in U.S. Currency shall be returned to potential claimant Weston Britt through his attorney Andrew Delahunt.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Potential claimant Britt waives the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

///
///
///

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: January 8, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

4

Consent Judgment of Forfeiture